# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>        Plaintiff,<br><br>    v.<br><br>HUU NGUYEN, et al.,<br><br>        Defendants. | CASE NO. 1:12-cv-01565-SKO PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 10) |

    Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2012. On November 21, 2012, Plaintiff filed a motion seeking a preliminary injunction enjoining enforcement of the pain management committee's policies, which include committee approval of certain medications.

    A preliminary injunction is an extraordinary and drastic remedy never awarded as of right and it should not be granted unless the movant, by a clear showing, carries the burden of persuasion," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (quotation marks omitted); Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted).

    In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

1  conditions shall extend no further than necessary to correct the violation of the Federal right of a
2  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless
3  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
4  violation of the Federal right, and is the least intrusive means necessary to correct the violation of
5  the Federal right." 18 U.S.C. § 3626(a)(1)(A).

6  In this case, Plaintiff's complaint has been dismissed, with leave to amend, as illegible, and
7  until and unless Plaintiff files an amended complaint setting forth one or more cognizable claims for
8  relief, there is no justiciable case or controversy before the Court and Plaintiff lacks standing to seek
9  preliminary injunctive relief.[1]  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142,
10 1149 (2009); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); Mayfield
11 v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

12 Assuming for the sake of argument that Plaintiff will be able to amend to state a claim for
13 denial of medical care, Plaintiff's motion is devoid of any evidentiary support for a finding that his
14 rights under the Eighth Amendment of the United States Constitution are being violated as a result
15 of pain management committee polices and he is entitled to a preliminary injunction.  18 U.S.C.
16 § 3626(a)(1)(A); Winter, 555 U.S. at 22.  Plaintiff's bare disagreement with the policies will support
17 neither a claim for relief under section 1983 nor a motion for an order enjoining enforcement of the
18 policies.  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d
19 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing
20 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27

---

28  [1] Plaintiff's motion suffers from similar legibility issues, but the Court elects to consider it rather than strike it because the Court was able to ascertain the general nature of the relief sought.

2

Accordingly, based on the foregoing, Plaintiff's motion for a preliminary injunction, filed on November 21, 2012, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   March 21, 2013**                           /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE

3