# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>HUU NGUYEN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-01565-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, GRANTING THIRTY-DAY EXTENSION OF TIME TO RESUBMIT AMENDED COMPLAINT, AND DIRECTING CLERK TO PROVIDE COMPLAINT FORM<br><br>(Doc. 17) |

        Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2012. On July 11, 2013, Plaintiff filed a motion seeking the appointment of counsel and an extension of time to file an amended complaint, if the amended complaint Plaintiff represents he submitted was not received.

        Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is

dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* Therefore, his motion for counsel is denied.

Plaintiff represents he submitted an amended complaint in compliance with the order filed on March 22, 2013, but the Court has not received it. Therefore, Plaintiff is granted a thirty-day extension of time to resubmit an amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED;

2. Plaintiff shall resubmit his amended complaint within **thirty (30) days** from the date of service of this order;

3. The failure to resubmit the amended complaint within thirty days will result in dismissal of this action for failure to obey a court order; and

4. The Clerk's Office shall provide Plaintiff with another complaint form.

IT IS SO ORDERED.

Dated:   **July 16, 2013**                        /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

2