# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | Case No. 1:12-cv-01565-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| HUU NGUYEN, et al., | (Docs. 25 and 27) |
| Defendants. | |

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2012. On April 4, 2014, the Court dismissed Plaintiff's amended complaint and ordered him to file a legible second amended complaint within thirty days. Local Rule 130(b). On April 30, 2014, the Court granted Plaintiff a thirty-day extension of time. More than thirty days have passed and Plaintiff has not complied with the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

1  (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

The Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43. Further, while public policy favors disposition on the merits and therefore weighs against dismissal. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643.

However, there are no alternative sanctions which are satisfactory. *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643. A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and Plaintiff's failure to comply with the Court's order leaves no other reasonable alternative.

In sum, the Court finds that dismissal is warranted given Plaintiff's unwillingness to file a legible pleading and the unavailability of satisfactory alternative sanctions. In an effort to ameliorate the harshness of terminating sanctions, however, dismissal shall be without prejudice. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey the Court's order to file a legible pleading.

IT IS SO ORDERED.

Dated:   **June 21, 2014**                        **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE