# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUU NGUYEN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:12-cv-01565-SKO (PC)<br>Appeal No. 14-16371<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON NINTH CIRCUIT<br><br>(Doc. 30) |

**I.** **Procedural History**

　　　Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2012.[1]  On June 23, 2014, the Court dismissed the case, without prejudice, based on Plaintiff's failure to file a legible second amended complaint in compliance with the Court's orders.  On July 10, 2014, Plaintiff filed a motion for reconsideration and on July 18, 2014, Plaintiff filed a notice of appeal.  The United States Court of Appeals for the Ninth Circuit issued an order holding the appeal in abeyance pending resolution of the motion for reconsideration on July 21, 2014.  For the reasons which follow, the motion is denied.

///

///

---

[1] Plaintiff became subject to 28 U.S.C. § 1915(g) in 2013.

## II.     Discussion and Order

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.  Fed. R. Civ. Pro. 60(b); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion for reconsideration, Plaintiff attests under penalty of perjury that after the Court dismissed his amended complaint with leave to amend on April 4, 2014, he mailed a second amended complaint on April 23, 2014, but he did not keep a copy due to institutional procedures. (Doc. 30.) Plaintiff also attests that the Court granted him an extension of time on April 30, 2014. (*Id.*)

A review of the docket, however, reveals that Plaintiff filed a motion for an extension of time to file a second amended complaint on April, 30, 2014. (Doc. 26.) The motion was granted on May 2, 2014, and Plaintiff's failure to file a second amended complaint following that extension of time led to the dismissal of this action. (Docs. 27, 28.)

Plaintiff's present representation that he mailed his second amended complaint on April 23, 2014, is directly contradicted by the record, which reflects that Plaintiff mailed a motion seeking an extension of time to file a second amended complaint on April 23, 2014. Given that Plaintiff's present representation is belied by the record, he is not entitled to relief from dismissal, whether his motion is treated as brought pursuant to Rule 60(b)(1) or Rule 60(b)(6). *See Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b)(6) is to be used sparingly to prevent manifest injustice); *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2007) (excusable neglect determination is equitable in nature and movant must demonstrate he acted in good faith); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-97 (9th Cir. 2001) (excusable neglect ordinarily shown by lack of culpability).

///

///

1   Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice;
2 and the Clerk's Office is DIRECTED to serve a copy of this order on the Ninth Circuit.
3
4
5  IT IS SO ORDERED.

6   Dated:   **September 10, 2014**            **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE